IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       v.                                                                                                  18-CR-55

JAMES A. CHAPMAN
a/k/a Fatz Guy
a/k/a Perverted Doe,

                              Defendant.
_____

## GOVERNMENT'S MEMORANDUM IN RESPONSE TO THE DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

**THE UNITED STATES OF AMERICA**, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorneys, respectfully file this response in opposition to the defendant's objections to the Presentence Report ("PSR").

## PRELIMINARY STATEMENT

On May 9, 2019, the defendant appeared before this Court and pled guilty to Count 3 and Count 14 of the Indictment, which charged the defendant with Production and Possession of Child Pornography. In the plea agreement, the parties agreed that the defendant was a criminal history IV. The Presentence Report ("PSR") calculated the defendant's criminal history as a VI. On March 13, 2020, the defendant filed objections to the PSR, which included an opposition to the defendant's criminal history category, and objections to certain paragraphs in the PSR. This memorandum is submitted in response to defendant's objection to the PSR.

## DISCUSSION

The defendant has filed two objections to the PSR, which are addressed below.

*Objection #1*

The defendant has objected to certain language included in the PSR.  Specifically, the defendant objects to the portion of the PSR in paragraphs 24 and 28 that indicate that Victim 1 stopped talking to the defendant the night after he sexually abused her.  However, the PSR also notes in paragraph 28 that following the sexual activity, Victim 1 messaged the defendant via Facebook, to which the defendant did not respond.  Therefore, since the PSR accurately sets forth the interaction between Victim 1 and the defendant, the government does not agree with the defendant's objection on this ground.

The defendant has also objected to the language included in paragraphs 81-89 of the PSR, which relate to the defendant's interactions with and victimization of other minor females.  The defendant generally argues that this information should be stricken from the PSR because they do not involve the defendant.  The government does not agree with the defendant's objections.  The information contained in these paragraphs describe interviews that have been conducted by the FBI with several minor victims who, unfortunately, came within the defendant's orbit.  Although the defendant might oppose the information in the PSR because it is deeply disturbing, that alone is not a reason for information to be removed from the PSR.  The information recounted in the PSR comes directly from FBI reports of interviews, and therefore, is accurate and reliable.  Moreover, as the Court is aware, it is well

settled that a sentencing court can "exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law." *Williams v. New York*, 337 U.S. 241, 246 (1949). *See also United States v. Alcius*, --- F.3d ---, 2020 WL 1056786, at *3 (2d Cir. Mar. 5, 2020) ("Title 18 provides that '[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing the appropriate sentence.'") (*quoting* 18 U.S.C. § 3661). As such, the Court should deny the defendant's objection.

### *Objection #2*

The defendant has objected to defendant's criminal history calculation in the PSR of a VI. Because the plea agreement calculated the defendant's criminal history as a IV, pursuant to *United States v. Lawlor*, 168 F.3d 633 (2d Cir. 1999), the Government is bound to advocate for the criminal history calculation in the plea agreement.

## CONCLUSION

For the foregoing reasons, the defendant's objections to the PSR with respect to language included in specific paragraphs should be denied.

DATED: Buffalo, New York, March 18, 2020.

Respectfully submitted,

JAMES P. KENNEDY, JR.
United States Attorney

BY: *S/ AARON J. MANGO*
_____
AARON J. MANGO
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5882
aaron.mango@usdoj.gov