IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                      18-CR-55

JAMES A. CHAPMAN
a/k/a Fatz Guy
a/k/a Perverted Doe,

                         Defendant.

---

## GOVERNMENT'S MEMORANDUM IN RESPONSE TO THE DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

**THE UNITED STATES OF AMERICA**, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorneys, respectfully file this response in opposition to the defendant's objections to the Presentence Report ("PSR").

## PRELIMINARY STATEMENT

On May 9, 2019, the defendant appeared before this Court and pled guilty to Count 3 and Count 14 of the Indictment, which charged the defendant with Production and Possession of Child Pornography. In the plea agreement, the parties agreed that the defendant was a criminal history IV. The Presentence Report ("PSR") calculated the defendant's criminal history as a VI. On March 13, 2020, the defendant filed objections to the PSR, which included objections to certain paragraphs in the PSR and an objection regarding the defendant's criminal history category. On July 8, 2021, the defendant filed a supplemental

objection to the PSR which noted that the defendant recently took a polygraph examination. This memorandum is submitted in response to defendant's objections to the PSR.

## DISCUSSION

The defendant has filed two objections to the PSR, which are addressed below.

*Objection #1*

The defendant has objected to certain language included in the PSR in the section labeled Offense Behavior Not Part of Relevant Conduct. In particular, the defendant objects to the PSR's inclusion of information provided by one victim which involves the defendant's forcible rape of that victim. Recently, the defendant claims that he passed a polygraph administered by polygraph examiner Dennis Rankin, which further supports removing the challenged language from the PSR.

The government does not agree with the defendant's objection. The information contained in these paragraphs describe interviews that have been conducted by the FBI with several minor victims who, unfortunately, came within the defendant's orbit. Although the defendant might oppose the information in the PSR because it is deeply disturbing, that alone is not a reason for information to be removed from the PSR. The information recounted in the PSR comes directly from FBI reports of interviews, and therefore, is accurate and reliable. Moreover, as the Court is aware, it is well settled that a sentencing court can "exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law." *Williams v. New York*, 337

U.S. 241, 246 (1949).  *See also United States v. Alcius*, 952F.3d 83, 88 (2d Cir. 2020) ("Title 18 provides that '[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing the appropriate sentence.'") (*quoting* 18 U.S.C. § 3661).  As such, the Court should deny the defendant's objection.

The government also notes that prior to the polygraph examination with Mr. Rankin, the defendant failed a polygraph examination administered by the FBI on January 2018. Moreover, undersigned counsel is aware of at least two federal criminal cases where a defendant on state probation in Erie County, New York, was able to use countermeasures to deceive polygraph examinations administered by Mr. Rankin.  *See United States v. Daniel Krull*, 16-CR-154-LJV, Dkt. #19, p. 8 ("the defendant sought out and learned counter-measures to help him successfully deceive his state-mandated polygraph examiner."); and *United States v. Zachery T. Feeterman*, 21-CR-44-LJV, Dkt. #37, p. 3 ("he passed numerous polygraph examinations in which he stated that he was not using the internet and was not downloading pornography.").  In both cases, the state polygraph examiner was Mr. Rankin.  As such, because Mr. Rankin has been deceived in past cases and does not utilize an independent third party to review the polygraph data, which is standard procedure for the FBI, the government does not accept the polygraph results presented by the defendant.

However, as noted by the defendant in his objections, resolution of the defendant's objection to the PSR here would not affect the advisory guideline range calculation.  It is well settled in the Second Circuit that "if there is a dispute as to a fact that the sentencing court

3

will not rely on, no resolution of that dispute is necessary." *Id.* at 258. *See also United States v. Romano*, 825 F.2d 725, 730 (2d Cir. 1987) ("When a district judge determines that the disputed matter will not be taken into account at sentencing, no factual findings concerning the alleged inaccuracies are required."). In *Romano*, the Court held that no findings were required regarding the disputed portions of the PSR based on the district court's statement that it was only considering evidence "sufficient to satisfy Rule 32." *Romano*, 825 F.2d at 731. Similarly, in *United States v. Navaro*, 774 F.2d 565, 566 (2d Cir.1985) (*per curiam*), because "the district judge explicitly stated that he 'did not consider [the] alleged inaccuracies' in his determination of the sentence to be imposed," no findings regarding the disputed facts were required. Therefore, because the disputed information in the PSR does not affect the defendant's advisory guideline calculation, the Court should deny the defendant's objection.

### *Objection #2*

The defendant has objected to defendant's criminal history calculation in the PSR of a VI. Because the plea agreement calculated the defendant's criminal history as a IV, pursuant to *United States v. Lawlor*, 168 F.3d 633 (2d Cir. 1999), the Government is bound to advocate for the criminal history calculation in the plea agreement.

## CONCLUSION

For the foregoing reasons, the defendant's objections to the PSR with respect to the language included the section labeled Offense Behavior Not Part of Relevant Conduct should be denied.

DATED: Buffalo, New York, July 13, 2021.

                                                Respectfully submitted,

                                                JAMES P. KENNEDY, JR.
                                                United States Attorney

                                                ***S/ AARON J. MANGO***
BY:           _____
                                                AARON J. MANGO
                                                Assistant U.S. Attorney
                                                United States Attorney's Office
                                                Western District of New York
                                                138 Delaware Avenue
                                                Buffalo, New York 14202
                                                (716) 843-5882
                                                aaron.mango@usdoj.gov